## McIlvaine, Appellant, *v.* Lutz.

*Negligence—Druggist—Negligent compounding of prescription—Pleading—Evidence—Variance.*

In an action of trespass against a druggist to recover damages for personal injuries charged to have been caused by the negligent act of the defendant in substituting a deadly poison for a harmless drug in a prescription, without any averment in the statement that the prescription had been filled twice, and that the negligent act occurred when the prescription was first filled, there is no fatal variance between the pleadings and the proof, where the evidence showed that the prescription had been filled twice, that on the first occasion it had been filled accurately, and that the negligent act occurred at the second filling.

Argued April 15, 1914.    Appeal, No. 17, April T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., Dec. T., 1910, No. 453, on verdict for defendant n. o. v. in case of Gertrude McIlvaine v. David P. Lutz and William E. Rodemeyer, doing business as Lutz & Rodemeyer.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

At the trial the jury returned a verdict for the plaintiff but the court entered judgment for defendant n. o. v. on the ground of a fatal variance between the pleadings and the proof.

*Error assigned* was in entering judgment for defendant n. o. v.

*F. C. McGirr*, of *Marron & McGirr*, for appellant.—
After a trial on the merits, especially where the dec-
laration might have been amended, defects in the state-
ment such as are claimed here, will not be permitted to
affect the verdict. See Trainor v. Phila. & R. R. Co.,
137 Pa. 148; Jordan v. Cooper, 3 S. & R. 564.

*J. A. Langfitt*, with him *S. R. McClure* and *J. A.
Langfitt, Jr.*, for appellees.—The variance was fatal:
Lee v. Conrad, 1 Wh. 167; Wilkinson Mfg. Co. v.
Welde, 196 Pa. 508; Stewart v. DeNoon, 220 Pa. 154;
National Bank v. Lake Erie Asphalt Block Co., 233
Pa. 421; Leh v. Del., L. & Western Railroad Co., 30
Pa. Superior Ct. 396; Clark v. Lindsay, 7 Pa. Superior
Ct. 43; Dougherty v. Davis, 51 Pa. Superior Ct. 229;
Hennessy v. Anstock, 19 Pa. Superior Ct. 644.

OPINION BY HEAD, J., July 15, 1914:

The plaintiff's declaration sets forth a complete cause
of action. The substance of it may thus be stated.
Having become ill, she called to her aid a competent
physician who visited her on October 30, 1909, and gave
her a written prescription for the necessary medicine
to bring her relief. She sent that prescription to the
store of the defendants who were druggists and whose
business was the compounding of prescriptions. She
alleges that this prescription was so carelessly and negli-
gently filled by the defendants, or one of them, that
instead of one of the drugs clearly called for in it, an-
other of a poisonous and harmful character was in-
serted; that as a result of her use, in accordance with
the physician's directions, of the medicine thus negli-
gently prepared, she suffered a prolonged illness and was
subjected not only to expense but to much pain and suffer-
ing during her recovery therefrom. All of these allegations
were fully supported by the evidence she produced.

When the evidence was taken on the trial, it appeared
the prescription had been filled twice by the same

druggists; that on the first occasion it was filled accurately, but that when a few days later it was returned to be refilled, the negligent act occurred and the injury complained of followed. The trial resulted in a verdict for the plaintiff, but the learned court below, having reached the conclusion there was a fatal variance between the allegata and the probata, entered a judgment for the defendant non obstante veredicto and the plaintiff appeals.

In entering this judgment we are of opinion the learned court fell into error. The declaration did not affirmatively declare in terms that the prescription had been filled twice. It did not undertake to assert that the negligent act occurred when it was first presented. No bill of particulars was asked for by the defendants. Their own records within their own control would show they had filled the prescription twice. There is nothing to satisfy us from the evidence offered and received on the trial to prove the injury declared for could have been rejected by the trial court because it tended to set up a different act of negligence from that stated in the declaration. Nor could the defendants successfully argue they had come into court prepared to defend against one act of negligence, alleged in the declaration, and were then called upon to defend another and different act not embraced within the statement. We cannot say that, had the plaintiff sought to amend her declaration by a specific allegation of the exact date of the negligent act proven, such amendment could have been denied as introducing an entirely new cause of action. We must conclude therefore there was no such variance between pleadings and proof as to deprive the plaintiff of the benefit of her verdict after a fair trial before the jury on the real issue of fact involved. The assignment of error is sustained.

The judgment is reversed and the record remitted to the court below with direction to enter judgment on the verdict for the plaintiff. The costs of this appeal to be paid by the appellees.